**Daniel James MISKOWSKI, also known as Jami Naturalite, Plaintiff–Appellant,**

v.

**Brian A. PEPPLER, Prosecuting Attorney, Chippewa County, Defendant–Appellee.**

**No. 01–2429.**

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before BOGGS, SILER, and MOORE, Circuit Judges.

This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking to enjoin a state criminal proceeding against him, Daniel James Miskowski, aka Jami Naturalite, sued the

Prosecuting Attorney for Chippewa County, Michigan (Brian A. Peppler), in his official capacity. Miskowski claimed that the state criminal prosecution against him would violate his constitutional rights.

Miskowski wrote a letter on behalf of another inmate (Ronald Kemppainen) in which Miskowski stated that Kemppainen had been sexually molested by a state court employee. In addition, Miskowski asserted in the letter that a state court judge had sexually molested Kemppainen on at least four occasions. Miskowski threatened to publicly expose the judge unless Kemppainen received $100,000.00, and a release from prison. Michigan charged Miskowski with committing criminal extortion in violation of Mich. Comp. Laws § 750.213; Mich. Stat. Ann. § 28.410. Miskowski seeks to enjoin that criminal prosecution.

The magistrate judge recommended that the district court abstain from adjudicating the matter in deference to the ongoing state criminal proceeding pursuant to the doctrine enunciated in *Younger v. Harris,* 401 U.S. 37, 37–38, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The district court adopted the magistrate judge's report and recommendation over Miskowski's objections, abstained from adjudicating the claim pursuant to the *Younger* doctrine, and dismissed the case. Miskowski appeals.

A district court's decision to abstain from adjudicating a claim pursuant to the *Younger* doctrine is a question of law that we review de novo. *Cooper v. Parrish,* 203 F.3d 937, 954 (6th Cir.), *cert. denied,* 531 U.S. 877, 121 S.Ct. 185, 148 L.Ed.2d 128 (2000).

The *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings. *Younger,* 401 U.S. at 37–38, 91 S.Ct. 746. *Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)(extending the doctrine to encompass civil and administrative proceedings); *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir.1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co., L.P.A.,* 888 F.2d 452, 454 (6th Cir.1989). Where a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed. If, however, a plaintiff can demonstrate extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain. *Fieger v. Thomas,* 74 F.3d 740, 750 (6th Cir.1996).

*Younger* abstention applies in this case because a state criminal prosecution is pending against Miskowski, the prosecution involves the important state interest of punishing conduct proscribed by statute, and Miskowski has not alleged any facts indicating that he will not have an adequate opportunity to raise his constitutional claims in state court.

Abstention was therefore appropriate unless Miskowski can demonstrate that one of the three exceptions to the *Younger* abstention doctrine applies: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions[,]" *Moore v. Sims,* 442 U.S. 415, 424, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (quotation omitted); or, (3) there is "an

extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

Upon review, we conclude that Miskowski cannot demonstrate that one of the three exceptions applies. Thus, Miskowski has failed to meet his burden of overcoming the bar of *Younger* abstention.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth by the magistrate judge in his report and recommendation of June 4, 2001, as adopted by the district court in its opinion and order of June 25, 2001. Miskowski's motion for a stay of state court proceedings pending appeal is denied.